| | |
|---|---|
| STATE OF INDIANA ) | IN THE FULTON SUPERIOR COURT |
| ) SS: | |
| HAMILTON COUNTY ) | CAUSE NO. 25D01-1701-CT-31 |

JAMES C. DEVIESE and )
TERESA DEVIESE, )
1403 Washington Street )
Rochester, Indiana 46975-2430 )
)
Plaintiff, )
)
vs. )   JURY DEMAND
)
CONDOR SECURITIZATION TRUST, )
CONDOR HOLDCO SECURITIZATION )
TRUST, CONDOR ASSETCO )
SECURITIZATION TRUST, and )
CONDOR RECOVERY )
SECURITIZATION TRUST )
P.O. Box 503430 )
San Diego, California 92150 )
)
Defendants. )

FILED
IN CLERK'S OFFICE
JAN 19 2017
CLERK, FULTON SUPERIOR COURT

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiffs, James C. Deviese, an individual, and Teresa Deviese, an individual (collectively, the "Devieses" or "Class Representatives"), by and through their undersigned attorneys, file this their Complaint for Damages and Incidental Relief against Defendants, Condor Securitization Trust ("Condor Trust"), Condor HoldCo Securitization Trust ("Condor HoldCo"), Condor AssetCo Securitization Trust ("Condor Asset"), and Condor Recovery Securitization Trust ("Condor Recovery") (collectively, "Condor"), and allege:

### INTRODUCTION

1. This class action seeks injunctive and monetary relief to redress an unlawful pattern of wrongdoing followed by Condor with respect to the repossession and repossession sales of the vehicles of consumers.

1

2. As more particularly described below, Condor sent to the Class Representatives and hundreds of other consumers a form post-repossession notice which fails to disclose consumer rights required by the Uniform Commercial Code ("UCC"), as enacted in all fifty (50) states, the District of Columbia and the United States Territories, which requires:

   a. the method of intended disposition;

   b. the correct redemption deadline;

   c. contact information for exercising the redemption right;

   d. the consumer's rights concerning the calculation of deficiencies;

   e. the consumer's entitlement to an accounting of any unpaid indebtedness;

   f. contact information for obtaining additional facts concerning the disposition and the secured obligation.

3. After repossession of the vehicle of the Class Representatives and other similarly-situated consumers, Condor informed the Class Representatives and other similarly-situated consumers that it intended to dispose of their vehicles without providing statutorily mandated notice in the manner required under §§ 9-613 and 9-614 of the UCC.[1]

4. The Class Representatives bring this action on behalf of themselves and all other similarly situated consumers. The Class Representatives seek injunctive relief and an award of statutory damages as provided for under the UCC, and such other and further relief as this Court may deem appropriate.

## PARTIES

5. At all times material hereto, the Class Representatives were *sui juris* and residents of Fulton County, Indiana.

---

[1] As the UCC has been adopted throughout the United States, the Class Representatives will refer to the specific sections of the UCC as set forth in the original Article, as opposed to a state specific statute.

2

6. At all times material hereto, Condor Trust was a trust doing business in Fulton County, Indiana.

7. At all times material hereto, Condor HoldCo was a trust doing business in Fulton County, Indiana.

8. At all times material hereto, Condor Asset was a trust doing business in Fulton County, Indiana.

9. At all times material hereto, Condor Recovery was a trust doing business in Fulton County, Indiana.

10. At all times material hereto, Condor was engaged in the business of servicing automobile loans for the financing of motor vehicles and other personal property in the State of Indiana, including the County of Fulton.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### *Details Concerning Repossession*

11. On or about April 3, 2014, the Devieses entered into a loan agreement with Mike Anderson Used Cars ("Devieses Finance Agreement").

12. Pursuant to the Devieses Finance Agreement, the Devieses financed the purchase of a 2009 Jeep Wrangler, VIN: 1J4GA59129L724539 ("Devieses Vehicle").

13. The Devieses Finance Agreement was purportedly assigned to one or more of the Defendants for unknown consideration.

14. On or about December 26, 2016, Condor repossessed the Devieses Vehicle.

15. On or about December 27, 2016, Condor sent or caused to be sent to the Devieses a notice advising the Devieses of its intent to dispose of the Devieses Vehicle in purported compliance with the requirements of the Uniform Commercial Code ("Devieses Notice of Sale").

3

16. A true and correct copy of the Devieses Notice of Sale is attached hereto and incorporated by reference as Exhibit "A."

17. The Devieses Notice of Sale does not disclose the identity of the secured party which allegedly owns the Devieses Finance Agreement. Rather, the Devieses Notice of Sale provides the following footnote:

> Condor Securitization Trust servicing may include accounts held in one of the following trusts: Condor HoldCo Securitization Trust, Condor AssetCo Securitization Trust, or Condor Recovery Securitization Trust.

("Holding Provision")

18. Upon information and belief, none of the Defendants perfected a security lien on the Devieses Vehicle as of the date of filing hereof.

### Description of UCC Non-Compliance

19. The Devieses Notice of Sale fails to comply with the UCC in the following respects:

(a) <u>Disclosure Concerning Identity of Secured Party</u> - The Devieses Notice of Sale does not describe the secured party in a manner which would reasonably inform the consumer as to the identity of the secured party in contravention of §§ 9-613(1)(A), and 9-614(1)(A), UCC;

(b) <u>Disclosure Concerning Method of Intended Disposition</u> - The Notice of Sale failed to identify the method of intended disposition as required by §§ 9-613(1)(C) and 9-614(1)(A), UCC;

(c) <u>Disclosure Concerning Right to Accounting</u> - Condor failed to state that the Devieses as debtors were entitled to an accounting of the unpaid indebtedness and the charge, if any, for said accounting, as required by §§ 9-613(1)(D)

4

and 9-614(1)(A), UCC;

   (d) <u>Failure to Disclose Time and Place of Public Disposition</u> - If a public disposition was intended by Condor, Condor failed to state the time and place of the public disposition as required by §§ 9-613(1)(E) and 9-614(1)(A), UCC; and

   (e) <u>Right to Redemption</u> - Condor failed to disclose to the Class Representatives and other class members the correct time period for redemption as required by § 9-623, UCC.

20. On information and belief, the Class Representatives allege that the defective notice of sale represented by the Devieses Notice of Sale attached hereto as Exhibit "A," or variants of it containing one or more of the enumerated defects, is the standard notice ("Notice of Sale") which Condor has sent to consumers since at least July 1, 2001, the effective date of Revised Article 9 of the UCC.

21. Under the UCC, with respect to consumer goods transactions, a notification that lacks <u>any</u> of the information required under § 9-614(1), UCC, is insufficient as a matter of law. *Uniform Commercial Code Comment*, Note 1, § 9-614(1), UCC.

22. Under the UCC, "every non-compliance with the requirements of Part 6 in a consumer-goods transaction results in liability, regardless of any injury that may have resulted." *Uniform Commercial Code Comment*, Note 4, § 9-625, UCC.

### *Unlawful Collection and Reporting by Condor*

23. Under the prevailing view of the UCC, when a secured party fails to comply with § 9-614's notice requirements, the proceeds of a disposition of collateral are presumed to be equal to the sum of the indebtedness. Thus, it is statutorily presumed that the secured party is due no deficiency after the disposition of the collateral.

24. To rebut the statutory presumption and lawfully seek to collect deficiency

balances from borrowers issued defective post-repossession notices, the secured party must establish that the amount of the proceeds that it would have realized is less than the indebtedness pursuant to § 9-626(4).

25. The Class Representatives are informed and believe and on that basis allege that, in the four (4) years preceding the filing of the Complaint herein, Condor has unlawfully collected or attempted to collect deficiency balances from consumers issued defective post-repossession notices, without legal authority and without accounting for a set-off in the amount of the statutory damages.

26. In addition to the unlawful collection of deficiency balances from consumers, Condor has maintained a practice and policy of reporting to the three national consumer reporting agencies, to wit: Equifax Credit Information Services, Inc., Experian, Inc., and TransUnion, LLC (hereinafter referred to collectively as the "CRAs") derogatory information concerning the Class Representatives and the members of the class which failed to account for the statutory presumption and/or the set-off for statutory damages described herein.

## CLASS REPRESENTATION ALLEGATIONS

### *Statement of Maintainable Class Claims*

27. Pursuant to Indiana Trial Procedure Rule 23, this is a case maintainable on a class-wide basis, and the Class Representatives bring this action on behalf of themselves and of a class of all other persons similarly situated, to remedy the ongoing unfair, unlawful, and/or deceptive business practices alleged herein, and seek redress on behalf of all those persons who have been harmed thereby.

### *Allegations of Numerosity*

28. In the auto finance industry, lenders similar to Condor experience a default rate of one to four percent (1-4%) of their portfolios. *See, generally,* S. Agarwal and B. Ambrose,

6

*Household Credit Usage (2007); S&P/Experian Consumer Credit Default Indices.* Based on the best due diligence and the experience of Class Counsel, the Class Representatives believe that Condor repossessed more than one hundred (100) vehicles in a fiscal year.

29. Based on the foregoing, the prospective class numbers are at least in the hundreds and are so numerous that joinder of all members would be impractical. The exact size of the proposed classes and the identity of the members thereof are readily ascertainable from Condor's business records.

### *Identification of Common Questions of Law or Fact*

30. Pursuant to Indiana Trial Procedure Rule 23, there are questions of law and fact common to the Class, which common issues predominate over any issues involving owing individual class members.

31. The factual question common to the Class Representatives and to each class member is that each was sent the Notice of Sale in the form of Exhibit "A."

32. Pursuant to Indiana Trial Procedure Rule 23, the principal legal question common to the Class Representatives and to each class member is whether the Notice of Sale complies with Indiana law with respect to providing the disclosures set forth under §§ 9-613, 9-614 and 9-623 of the UCC.

### *Allegations of Typicality*

33. Pursuant to Indiana Trial Procedure Rule 23, the Class Representatives' claims are typical of those of the classes they seek to represent in that the Class Representatives were sent the Notice of Sale in the form of Exhibit "A." As such, the claims of the Class Representatives are identical to that of the class members.

### *Definition of Class*

34. Pursuant to Indiana Trial Procedure Rule 23(b), the class is composed of all

7

consumers who, in the four (4) years preceding the filing of the instant action:

    (a)    have or had a loan agreement or finance agreement ("Finance Agreement") held by Condor under which personal property was pledged as collateral;

    (b)    had their personal property repossessed by Condor or its agents;

    (c)    were sent a post-repossession notice which failed to contain one or more of the required mandated statutory disclosures under §§ 9-613, 9-614 and 9-623; and

    (d)    who have not obtained a discharge in bankruptcy applicable to any such Finance Agreement.

### *Adequacy of Class Representatives*

35. Pursuant to Indiana Trial Procedure Rule 23(a)(4), the Class Representatives will fairly and adequately protect and represent the interest of each class member. The Class Representatives have retained counsel with substantial experience in handling class actions in federal and state court, including claims under the Uniform Commercial Code. *See, e.g.; Jackson v. Southern Auto Finance Co.*, 988 So.2d 721 (Fla. 4th DCA 2008); *Muro v. Hermano's Auto Wholesalers, Inc.*, 514 F.Supp.2d 1343 (S.D. Fla. 2007); *Westlake Financial Services v. Ray*, 923 So.2d 555 (Fla. 4th DCA 2006); *Whitaker v. Navy Federal Credit Union*, 2010 WL 3928616 (D. Md. 2010).

36. The Class Representatives have no conflicts of interest which would interfere with their ability to represent the interest of the class members.

### *Appropriateness of Hybrid Class Treatment Under Rule 23(b)(2) and (3)*

37. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be

relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to the individual class members against Condor.

38. The Class Representatives are represented by counsel competent and experienced in both consumer protection and class action litigation.

39. Members of the proposed classes who have an interest in individually controlling the prosecution of separate claims against Condor will not be prejudiced by this action. Each member of the proposed classes will be identified through discovery from Condor and will be notified and given an opportunity to opt out of the class.

40. The Class Representatives do not presently know the nature and extent of any pending litigation to which a member of the proposed classes is a party and in which any question of law or fact controverted in the present action is to be adjudicated. The Class Representatives will identify any such pending litigation by discovery from Condor.

41. This Court is an appropriate forum for the present action in that Condor does business in this county, including without limitation providing to residents of this county financing of motor vehicles that are consumer goods.

42. Certification of a class under Indiana Trial Procedure Rule 23(b)(2) is appropriate as Condor has acted on grounds generally applicable to the Class with respect to the collection and credit reporting activity described above thereby making appropriate equitable relief with respect to the Class as a whole. Unless restrained from such activities, Condor will continue to unlawfully harm the interests of the Class Representatives and the class for which no adequate remedy at law exists.

9

43. Certification of a class under Indiana Trial Procedure Rule 23(b)(3) is also appropriate in that:

   (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual class member; and

   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. The Class Representatives request a certification of a "hybrid" class for monetary damages under Indiana Trial Procedure Rule 23(b)(2) and for equitable relief under Indiana Trial Rule 23(b)(3). *See, Penson v. Terminal Transport Co., Inc.*, 634 F.2d 989, 994 (5th Cir. 1981); *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692 (S.D. Fla. 2004).

45. There are no difficulties likely to be encountered by the Court in the management of this proposed class action.

46. The Class Representatives' counsel is entitled to a reasonable fee from the class members or from a common fund for the handling of this action.

## APPLICABLE LAW

47. Sections 9-610 through 9-628 of the UCC regulate the rights of secured parties to dispose of collateral after an alleged default. Section 9-610 requires a secured party to conduct every aspect of its disposition of financed vehicles, including the method, manner, time, place and other terms of sale, in a commercially reasonable manner.

48. Section 9-611 of the UCC requires a secured party to issue to the borrower an appropriate notice prior to the disposition. Section 9-614 further requires that the notice disclose the time and place of any public sale or the time after which any other intended disposition is intended to be made.

49. The form represented by the Notice of Sale that Condor sent to the Class

10

Representatives was materially defective, invalid and incomplete as described in paragraph 15 above.

50. The Class Representatives were informed and believe and on that basis allege that Condor sent the standard form represented by the Notice of Sale, or variants of it containing one or more of the enumerated defects, to hundreds, if not thousands, of Indiana consumers following the repossession of their vehicles.

51. Section 9-625(c)(2), UCC, provides that if the secured party fails to comply with the statutory requirements for disposition, the consumer borrower may recover "an amount not less than the credit service charge plus 10 percent of the principal amount of the debt or the time-price differential plus ten percent of the cash price."

## CAUSES OF ACTION

### COUNT I - ACTION FOR VIOLATION OF SECTION 9-610, UNIFORM COMMERCIAL CODE

52. The Class Representatives re-allege and reincorporate herein by reference the allegations of paragraphs 1 through 51 as though fully set forth herein.

53. Section 9-610, UCC, provides that "every aspect of a disposition of collateral, including the method, manner, time, place and other terms, must be commercially reasonable."

54. As is hereinabove alleged, Condor has engaged and is continuing to engage in material violations of the UCC in that the form represented by the Notice of Sale fails to comply with the governing provisions of the UCC.

55. Condor has thus deprived the Class Representatives and class members of substantial rights granted to them under the UCC, including, but not limited to, the right to obtain a Notice of Sale that fully and accurately discloses their rights upon repossession.

11

56. As a direct and proximate result of the acts hereinabove alleged and Condor's ongoing unlawful conduct, the Class Representatives and class members have been damaged and have suffered economic losses in an amount to be proven at trial.

57. The Class Representatives and class members are therefore entitled to damages, pursuant to § 9-625, UCC, as well as injunctive relief.

## COUNT II - ACTION FOR VIOLATION OF SECTION 9-611, UNIFORM COMMERCIAL CODE

58. The Class Representatives re-allege and reincorporate herein by reference the allegations of paragraphs 1 through 51 above as if set forth in full herein.

59. Section 9-611(b), UCC, requires secured parties such as Condor send a "reasonable authenticated notification" of disposition of collateral.

60. The standard form represented by the Notice of Sale violates § 9-611 in that Condor failed to provide reasonable authenticated notice of disposition of collateral to the Class Representatives and Class Members.

61. As a direct and proximate result of the acts hereinabove alleged and Condor's ongoing unlawful conduct, the Class Representatives and class members have been damaged and have suffered economic losses in an amount to be proven at trial.

62. The Class Representatives and class members are therefore entitled to damages, pursuant to § 9-625, as well as to injunctive relief.

## COUNT III - ACTION FOR VIOLATION OF SECTION 9-614, UNIFORM COMMERCIAL CODE

63. The Class Representatives re-allege and reincorporate herein by reference the allegations of paragraphs 1 through 51 above as if set forth in full herein.

64. Section 9-614(1)(a) of the UCC requires that a post-repossession notice include the information provided in § 9-613(1).

12

65. The standard form represented by the Notice of Sale violates § 9-614, UCC, in that Condor failed to provide the disclosures as described above.

66. As a direct and proximate result of the acts hereinabove alleged and Condor's ongoing unlawful conduct, the Class Representatives and class members have been damaged and have suffered economic losses in an amount to be proven at trial.

67. The Class Representatives and class members are therefore entitled to damages, pursuant to § 9-625 of the UCC, as well as to injunctive relief.

## COUNT IV - ACTION FOR EQUITABLE RELIEF
### (COMMON LAW)

68. The Class Representatives re-allege and reincorporate herein by reference the allegations contained in paragraphs 1 through 51 above as if set forth in full herein.

69. As detailed above, since the repossession of the property of the Class Representatives and the class members, Condor has wrongfully collected and/or reported credit information to the CRAs with respect to the consumer reports of the Class Representatives and the class members.

70. The Class Representatives and the class members do not have an adequate remedy at law with respect to the continued collection and/or reporting of materially inaccurate adverse credit information to the CRAs.

71. The Class Representatives and the class members will suffer irreparable injury if Condor is not enjoined from the future wrongful collection and reporting of adverse information to the CRAs.

## COUNT V - ACTION FOR EQUITABLE RELIEF
### (UNIFORM COMMERCIAL CODE)

72. The Class Representatives re-allege and reincorporate herein by reference the allegations contained in paragraphs 1 through 51 above as if set forth in full herein.

73. As detailed above, since the repossession of the property of the Class Representatives and the class members, Condor has wrongfully collected and/or reported credit information to the CRAs with respect to the consumer reports of the Class Representatives and the class members.

74. Pursuant to § 9-625(a), UCC, if it is established that a secured party is not proceeding in accordance with Article 9, Part VI of the UCC, a court may enter an order restraining collection, enforcement or disposition of collateral on appropriate terms and conditions.

75. The Class Representatives and the class members do not have an adequate remedy at law with respect to the continued collection and/or reporting of materially inaccurate adverse credit information to the CRAs.

76. The Class Representatives and the class members will suffer irreparable injury if Condor is not enjoined from the future wrongful collection and reporting of adverse information to the CRAs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, James C. Deviese, an individual, and Teresa Deviese, an individual, pray for relief against Defendants, Condor Securitization Trust, Condor HoldCo Securitization Trust, Condor AssetCo Securitization Trust, and Condor Recovery Securitization Trust, as follows:

A. For an order certifying this claim as a class action;

B. For statutory damages under the Uniform Commercial Code for each class member in the amount of either the credit service charge plus ten percent of the principal amount of the obligation, or the time-price differential plus ten percent of the cash price, whichever is greater, pursuant to § 9-625(c)(2);

C. For an order preliminarily and permanently enjoining Condor from engaging in the practices alleged herein;

D. For an order of mandatory injunction directed to Condor to remove any adverse credit information which may have been wrongfully reported on the consumer reports of the class members;

E. For pre-judgment interest to the extent permitted by law;

F. For an award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action to the extent permitted by law; and

G. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, James C. Deviese, an individual, and Teresa Deviese, an individual, demand a trial by jury of all issues so triable.

Robert E. Duff
Indiana Attorney No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, Indiana 46037
Telephone: (800) 817-0461
Fax: (800) 817-0461
Email: robert@robertdufflaw.com

Robert W. Murphy
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8660
Fax: (954) 763-8607
Email: rwmurphy@lawfirmmurphy.com;
rphyu@aol.com

Counsel for Plaintiffs

15